DAVID A. HUBBERT
Deputy Assistant Attorney General

RICK WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-0300 (v)
202-307-0054 (f)
Rickey.watson@usdoj.gov

*Of Counsel:*
BART M. DAVIS
United States District Attorney

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Defendant,<br><br>　　v.<br><br>THE ESTATE OF BILL G. BEZATES; KIMBERLY HOMOLKA, in her individual capacity and in her capacity as Personal Representative and transferee of the ESTATE OF BILL G. BEZATES; CARRIE BEZATES, in her individual capacity and in her capacity as Personal Representative and transferee of the ESTATE OF BILL G. BEZATES,<br><br>　　　　Defendants. | Case No.<br><br>**UNITED STATES' COMPLAINT TO REDUCE FEDERAL ESTATE TAX ASSESSMENTS TO JUDGMENT, TO FORECLOSE FEDERAL TAX LIENS, AND IMPOSE TRANSFEREE LIABILITY UNDER 26 U.S.C. § 6324(a)(2)** |

## NATURE OF ACTION

The United States of America, pursuant to 26 U.S.C. ("IRC") §§ 7401, 7402, 7403, and

7404, at the direction of the Attorney General of the United States, or his delegate, and at the

request of the Secretary of the Treasury, or his delegate, files this Complaint seeking a judgment against the Estate of Bill G. Bezates ("Estate") for $569,810.61 as of December 4, 2017, in unpaid estate taxes, penalties and interest.  Pursuant to IRC § 7403, the United States seeks to enforce its tax liens (IRC § 6321) against any assets remaining in the Estate and any probate assets distributed by the Estate to Kimberly Homolka and Carrie Bezates.  The United States also seeks judgment against Kimberly Homolka and Carrie Bezates for transferee liability arising out of the unpaid estate taxes under IRC § 6324(a)(2) and Idaho law.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 26 U.S.C. §§ 7402, 7403, and 7404, and 28 U.S.C. §§ 1340 and 1345.

2. Venue of this action properly lies in this district pursuant to 28 U.S.C. §§ 1391(b) and 1396 because a substantial part of the property that is the subject of the action is situated in Idaho.

## IDENTIFICATION OF THE DEFENDANTS

3. Defendant Kimberly Homolka resides in Fort Collins, Colorado, but is subject to the jurisdiction of this Court through her partial ownership of an Idaho corporation, and the transaction of business within the state.  She is the daughter of Bill G. Bezates ("Decedent"), a Personal Representative of the Estate, and a trustee of the Bill G. Bezates Revocable Trust.  She is sued in her representative capacity as the appointed or statutory Executor or Personal Representative of the Estate under 26 U.S.C. §§ 2002 and 2203.  Kimberly Homolka is also sued in her individual capacity for personal liability under 26 U.S.C. § 6324(a)(2).

4. Defendant Carrie Bezates resides in Auburn, Washington, but is subject to the jurisdiction of this Court through her partial ownership of an Idaho corporation, and the

transaction of business within the state. She is the daughter of Bill G. Bezates ("Decedent"), a Personal Representative of the Estate, and a trustee of the Bill G. Bezates Revocable Trust. She is sued in her representative capacity as the appointed or statutory Executor or Personal Representative of the Estate under 26 U.S.C. §§ 2002 and 2203. Carrie Bezates is also sued in her individual capacity for personal liability under 26 U.S.C. § 6324(a)(2).

## THE ESTATE OF BILL G. BEZATES

5. Bill G. Bezates (hereinafter "Decedent") died testate on May 24, 2005, in Ontario, Oregon.

6. The Last Will and Testament of the Decedent (hereinafter "Will") was executed on May 7, 2005. The Will of the Decedent nominated his daughters Kimberly Homolka and Carrie Bezates as Co-Personal Representatives.

7. Upon information and belief, Kimberly Homolka and Carrie Bezates acted as Co-Personal Representatives in all matters that pertained to the Estate at all relevant times herein.

8. On or about May 7, 2005, the Decedent created a revocable living trust known as the "Bill G. Bezates Revocable Trust" (hereinafter "Trust"). The Trust appointed Kimberly Homolka and Carrie Bezates to become the Co-Trustees of the Trust upon the Decedent's death. Upon information and belief, Kimberly Homolka and Carrie Bezates acted in all matters as the Trustees for the Trust since the death of the Decedent up to the present time.

9. Pursuant to the terms of the Trust, upon the death of the Decedent, the Trustees were instructed to divide the existing Trust corpus into equal shares for each surviving child of the Decedent. The Decedent's Will contained a "pour-over" clause, directing that the Estate's residuary assets (i.e., those assets held outside of the Trust) be transferred to the Trust and distributed pursuant to the terms of the Trust.

10. Article 5 of Decedent's Will directs the Personal Representatives to "pay from my estate all inheritance, legacy, estate, transfer and succession taxes . . . which become payable by reason of my death." Article 5 goes on to provide "that if any trust created by me during my life and in existence at the time of my death shall be subject to such taxes as a part of my gross taxable estate, and if provision is made by the terms of such trust for the payment from the trust estate of any part of such taxes, my Personal Representative shall be entitled to collect and receive such part on behalf of my estate from the trustee of such trust." Article 5.1 of the Trust specifies that, "[u]pon the [Decedent's] death . . . all estate, inheritance, succession or other transfer taxes . . . that become payable by reason of the [Decedent's] death with respect to property passing under this Agreement shall be paid out of the residue of the Trust."

11. Prior to his death, the Decedent transferred to the Trust 16 shares of stock, valued at $2,454,400.00, in the Bezates Land and Cattle Company ("BLCC"), which operates a 729-acre cattle ranch in McCall, Idaho. The 16 shares of stock constituted nearly all of the assets of the Decedent.

12. On information and belief, Kimberly Homolka and Carrie Bezates, as Co-Personal Representatives and Co-Trustees, transferred to themselves one-half of the property of the Trust, constituting 8 shares of BLCC stock each. On information and belief, Kimberly Homolka and Carrie Bezates each currently hold 8 shares of BLCC stock.

### FEDERAL ESTATE TAX LIABILITIES

13. On or about April 10, 2006, Karen Homolka, as Personal Representative of Executor of the Estate, filed a Form 706 Estate Tax Return showing a gross estate of $2,605,650.00, and estate tax due of $416,850.00. The Form 706 reflected a balance due of $416,850.00.

14.     Between February 26, 2006 and January 26, 2010, the Estate filed applications for extensions of time to pay the estate tax reflected on the Form 706.  Each application was approved by the IRS.  In total, the Estate received extensions to pay the estate tax totaling 1,366 days.

15.     A duly authorized delegate of the Secretary of Treasury made timely assessments against the Estate for unpaid federal estate taxes, interest, penalties, and other statutory additions accruing thereto as follows:

| Date | Assessment Type | Assessment Amount as of March 30, 2017 |
|---|---|---|
| 04/10/2006 | Tax Return Filed | $416,850.00 |
| 04/10/2006 | Failure to Pay Penalty | $4,168.50 |
| 04/10/2006 | Interest | $3,612.69 |
| 02/12/2007 | Interest | $33,158.45 |
| 07/09/2007 | Interest | $11,991.52 |
| 12/17/2007 | Interest | $16,922.84 |
| 05/12/2008 | Interest | $11,017.39 |
| 12/22/2008 | Interest | $11,853.84 |
| 03/30/2009 | Failure to Pay Penalty | $5,537.00 |
| 03/30/2009 | Interest | $4,617.74 |
| 12/13/2010 | Interest | $26,544.81 |
| 08/25/2014 | Failure to Pay Penalty | $60,907.00 |
| 08/25/2014 | Interest | $47,522.34 |
| 06/29/2015 | Failure to Pay Penalty | $8,305.50 |
| 06/29/2015 | Interest | $14,590.26 |
| 10/13/2017 | Interest | $45,464.92 |
| | TOTAL | $569,810.61 |

16.     Since the dates of the assessments described in paragraph 15, above, interest has accrued as provided by law.  The total amount due and owing on the assessments described in paragraph 15, above, plus statutory interest pursuant to IRC § § 6601, 6621, and 6622, as of December 4, 2017, is $569,810.61.

17. Despite notice and demand for payment of the assessments described in paragraph 15, above, the Estate has neglected, failed, or refused to pay the assessed amounts to the United States.

18. The Estate remains indebted for the balance of the assessments described in paragraph 15, above, plus interest pursuant to IRC § § 6601, 6621, and 6622, and other statutory additions, less any payments and credits.

19. Under IRC § 6503(d), the Collection Statute Expiration Date ("CSED") set forth in IRC § 6502 was suspended or tolled during the entire time period that payment of the estate taxes was deferred by the applications for extension of time to pay described in paragraph 14, above.

**FIRST CLAIM FOR RELIEF TO REDUCE FEDERAL ESTATE TAX ASSESSMENTS AGAINST THE ESTATE OF BILL G. BEZATES TO JUDGMENT**

20. The United States incorporates by reference the allegations contained in paragraphs 1 through 19, above, as if fully set forth here.

21. A delegate of the Secretary of the Treasury of the United States has sent notices and demand for payment for the estate tax liability to the Estate and its Personal Representatives, Kimberly Homolka and Carrie Bezates, as provided by law.

22. Despite assessment, notice, and demand for payment, the Estate has neglected, failed, or refused to pay the full amount of the estate taxes, penalties, and interest owed to the United States.

23. Under IRC §§ 2002 and 2202, a personal representative of an estate is liable for the estate tax in his/her representative capacity.

24. Accordingly, pursuant to IRC §§ 7402 and 7403, the United States is entitled to a judgment that Kimberly Homolka and Carrie Bezates, in their respective capacity as the Personal

Representatives of the Estate, are liable to the United States in the amount of $569,810.61 as of December 4, 2017, plus prejudgment and post-judgment interest under IRC §§ 6601 and 6621 until paid.

### SECOND CLAIM FOR RELIEF AGAINST KIMBERLY HOMOLKA, IN BOTH HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE BILL G. BEZATES REVOCABLE TRUST UNDER IRC § 6324(a)(2)

25.     The United States incorporates by reference the allegations contained in paragraphs 1 through 24, above, as if fully set forth here.

26.     On information and belief, the Estate no longer holds sufficient assets to pay the remaining estate tax liability.

27.     As of May 24, 2005, the date of the Decedent's death, the Trust held the majority of the property that was required to be included in the gross estate under IRC §§ 2034 through 2042.  The Trust was in possession of non-probate property included in the gross estate immediately upon the Decedent's death.  The value of the non-probate property held or received by the Trust on the date of Decedent's death exceeds the current unpaid balance of the estate tax liability.

28.     In accordance with IRC § 6324(a)(2), Kimberly Homolka, in her capacity as Trustee of the Trust, is liable to the United States for the full amount of the unpaid estate tax liability of the decedent.

29.     In accordance with IRC § 6324(a)(2), Kimberly Homolka also became personally liable in her individual capacity to the United States for full amount of the unpaid estate tax liability of the decedent.

30.     The United States is entitled to a judgment that Kimberly Homolka is liable to the United States under IRC § 6324(a)(2) in her representative capacity as Trustee of the Trust in the

amount of $569,810.61 as of December 4, 2017, plus prejudgment and post-judgment interest under IRC §§ 6901, 6601 and 6621 until paid.

31. The United States is entitled to a judgment that Kimberly Homolka is personally liable in her individual capacity to the United States under IRC § 6324(a)(2) in an amount up to $569,810.61 as of December 4, 2017, plus prejudgment and post-judgment interest under IRC §§ 6901, 6601 and 6621 until paid.

### THIRD CLAIM FOR RELIEF AGAINST CARRIE BEZATES, IN BOTH HER INDIVIDUAL CAPACITY AND AS TRUSTEE OF THE BILL G. BEZATES REVOCABLE TRUST UNDER IRC § 6324(a)(2)

32. The United States incorporates by reference the allegations contained in paragraphs 1 through 31, above, as if fully set forth here.

33. On information and belief, the Estate no longer holds sufficient assets to pay the remaining estate tax liability.

34. As of May 24, 2005, the date of the Decedent's death, the Trust held the majority of the property that was required to be included in the gross estate under IRC §§ 2034 through 2042. The Trust was in possession of non-probate property included in the gross estate immediately upon the Decedent's death. The value of the non-probate property held or received by the Trust on the date of Decedent's death exceeds the current unpaid balance of the estate tax liability.

35. In accordance with IRC § 6324(a)(2), Carrie Bezates, in her capacity as Trustee of the Trust, is liable to the United States for the full amount of the unpaid estate tax liability of the decedent.

36. In accordance with IRC § 6324(a)(2), Carrie Bezates also became personally liable in her individual capacity to the United States for full amount of the unpaid estate tax liability of the decedent.

37. The United States is entitled to a judgment that Carrie Bezates is liable to the United States under IRC § 6324(a)(2) in her representative capacity as Trustee of the Trust in the amount of $569,810.61 as of December 4, 2017, plus prejudgment and post-judgment interest under IRC §§ 6901, 6601 and 6621 until paid.

38. The United States is entitled to a judgment that Carrie Bezates is personally liable in her individual capacity to the United States under IRC § 6324(a)(2) in an amount up to $569,810.61 as of December 4, 2017, plus prejudgment and post-judgment interest under IRC §§ 6901, 6601 and 6621 until paid.

### FOURTH CLAIM FOR RELIEF AGAINST KIMBERLY HOMOLKA UNDER IRC § 6324(a)(2)

39. The United States re-alleges and incorporates the allegations in paragraphs 1 through 38, above, as if fully set forth here.

40. On information and belief, the Estate no longer holds sufficient assets to pay the remaining estate tax liability.

41. Kimberly Homolka is a transferee or beneficiary of the Estate because she received, by operation of law, non-probate property included in Decedent's gross estate.  This property included Decedent's interest in BLCC.

42. The distribution described in paragraph 41, above, was received by Kimberly Homolka at times when the outstanding federal estate tax liability was due and owing and said transfers were made to the detriment of the United States because the Estate had unpaid estate tax liabilities.

43. Kimberly Homolka is liable for the unpaid estate taxes owed to the extent of the value of all assets received by her that were included in the gross estate plus interest in such amounts.

44. The United States is entitled to a judgment that Kimberly Homolka is personally liable to the United States under IRC § 6324(a)(2) in an amount up to $569,810.61 as of December 4, 2017, plus prejudgment and post-judgment interest under IRC §§ 6901, 6601 and 6621 until paid.

### FIFTH CLAIM FOR RELIEF AGAINST
### CARRIE BEZATES UNDER IRC § 6324(a)(2)

45. The United States re-alleges and incorporates the allegations in paragraphs 1 through 44, above, as if fully set forth here.

46. On information and belief, the Estate no longer holds sufficient assets to pay the remaining estate tax liability.

47. Carrie Bezates is a transferee or beneficiary of the Estate because she received, by operation of law, non-probate property included in Decedent's gross estate. This property included Decedent's interest in BLCC.

48. The distribution described in paragraph 47, above, was received by Carrie Bezates at times when the outstanding federal estate tax liability was due and owing and said transfers were made to the detriment of the United States because the Estate had unpaid estate tax liabilities.

49. Carrie Bezates is liable for the unpaid estate taxes owed to the extent of the value of all assets received by her that were included in the gross estate plus interest in such amounts.

50. The United States is entitled to a judgment that Carrie Bezates is personally liable to the United States under IRC § 6324(a)(2) in an amount up to $569,810.61 as of December 4,

2017, plus prejudgment and post-judgment interest under 26 U.S.C. §§ 6901, 6601 and 6621 until paid.

### SIXTH CLAIM FOR RELIEF FOR FORECLOSURE OF FEDERAL TAX LIEN AGAINST PROPERTY HELD BY THE ESTATE, THE TRUST, AND/OR KIMBERLY HOMOLKA AND CARRIE BEZATES

51. The United States re-alleges and incorporates the allegations in paragraphs 1 through 50.

52. Upon Notice and Demand for payment, a general tax lien imposed under IRC § 6321 arose in favor of the United States upon all property and rights to property, whether real or personal, belonging to or held by the Estate of Bill G. Bezates, as of the date of the assessment of estate taxes on April 10, 2006. The general tax lien under Section 6321 operates separately and independently of the estate tax lien under IRC § 6324.

53. On May 29, 2007, the IRS recorded Notices of Federal Tax Lien against the Estate for unpaid federal estate taxes with the Valley County, Idaho, County Recorder's Office and the Washington County, Idaho, County Recorder's Office.

54. On March 3, 2008, the IRS recorded a Notice of Federal Tax Lien against the Estate for unpaid federal estate taxes with the Office of the Idaho Secretary of State.

55. To enforce its liens, under IRC § 7403(c) and 7404, the United States of America is entitled to a decree of sale on all assets to which the general tax liens applies that are currently held by the Estate, the Trust, and/or Kimberly Homolka and Carrie Bezates.

WHEREFORE the United States respectfully prays that the Court:

A. Enter judgment in its favor and against Kimberly Homolka, in her capacity as the Personal Representative of the Estate of Bill G. Bezates, for unpaid federal estate taxes in the

amount $569,810.61 as of December 4, 2017, plus such additional interest and statutory additions as provided by law as have accrued;

  B. Enter judgment in its favor and against Carrie Bezates, in her capacity as the Personal Representative of the Estate of Bill G. Bezates, for unpaid federal estate taxes in the amount $569,810.61 as of December 4, 2017, plus such additional interest and statutory additions as provided by law as have accrued;

  C. Enter judgment in its favor and against Kimberly Homolka, in her capacity as the Trustee of the Bill G. Bezates Revocable Trust, for unpaid federal estate taxes in the amount of $569,810.61 as of December 4, 2017, plus such additional interest and statutory additions as provided by law as have accrued;

  D. Enter judgment in its favor and against Carrie Bezates, in her capacity as the Trustee of the Bill G. Bezates Revocable Trust, for unpaid federal estate taxes in the amount of $569,810.61 as of December 4, 2017, plus such additional interest and statutory additions as provided by law as have accrued;

  E. Enter judgment in its favor that Kimberly Homolka is personally liable under IRC § 6324(a)(2) in her individual capacity to the United States in an amount up to $569,810.61 as of December 4, 2017, plus such additional interest and statutory additions as provided by law as have accrued;

  F. Enter judgment in its favor that Carrie Bezates is personally liable under IRC § 6324(a)(2) in her individual capacity to the United States in an amount up to $569,810.61 as of December 4, 2017, plus such additional interest and statutory additions as provided by law as have accrued;

G. Enter judgment in favor of the United States, order that the federal tax liens of the United States described above be foreclosed against property held by the Estate, the Trust, and or Kimberly Homolka and Carrie Bezates, that the property be sold pursuant to IRC § 7403 and 28 U.S.C. § 2001, and that the sales proceeds be distributed in accordance with the Court's findings; and

H. Order that the United States be awarded its costs and such other relief as is just and proper.

DATED this 4th day of December, 2017.

DAVID A. HUBBERT
Deputy Assistant Attorney General

 /s/Rick Watson
RICK WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683 Ben Franklin Station
Washington, D.C.  20044-0683
(202) 353-0300

*Of Counsel*
BART M. DAVIS
United States District Attorney

*Attorneys for the United States*